IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID W. GNAU,

    Applicant,

v.                                                               CV 12-0647 JCH/WPL

JAMES JANECKA, Warden, and
GARY K. KING, New Mexico
Attorney General,

    Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

David W. Gnau, proceeding pro se and *in forma pauperis*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 alleging five grounds for relief on June 13, 2012.[1] (Doc. 1.) Defendants James Janecka, Warden of Lea County Correctional Facility, and Gary K. King, New Mexico Attorney General, moved to dismiss Gnau's petition for failure to exhaust state court remedies. (Doc. 8.) The Court referred this case to me to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 5.) Having reviewed the pleadings, record, and relevant law, I recommend that the Court grant the Respondents' motion and dismiss this case without prejudice.

**FACTUAL & PROCEDURAL BACKGROUND**

Gnau is an inmate at the Lea County Correctional Facility. (Doc. 1). On April 27, 2011, Gnau pled *nolo contendere* to three counts of criminal sexual penetration of a child, a first degree

---

[1] Because this petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to guide this Court's determinations. *See, e.g., Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008).

felony. (Doc. 7 Ex. B.) Three months later, the District Court for the Twelfth Judicial District of the State of New Mexico (hereafter "state district court") sentenced Gnau to fifty-four years imprisonment, five years of supervised parole upon release, and a requirement to register as a sex offender. (Doc. 7 Ex. A.) On October 18, 2011, Gnau filed a motion to reconsider his sentence with the help of counsel. (Doc. 7 Ex. C.) The state district court denied his motion to reconsider the sentence on March 5, 2012. (Doc. 7 Ex. E.)

About two weeks later, Gnau filed a second motion for reconsideration, this time without the assistance of counsel. (Doc. 7 Ex. D.) This motion contained eight grounds for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct (District Attorney ("DA") falsified facts); (3) conflict of interest on the part of the interviewing detective; (4) prosecution's witness was incompetent; (5) plea was coerced in violation of the Fifth, Eighth, and Fourteenth Amendments; (6) judicial bias; (7) tainted evidence; and (8) prosecutorial misconduct (DA failed to disclose all information)[2]. (*Id.*) The state district court denied his second motion for reconsideration for lack of subject matter jurisdiction, since Gnau filed the motion more than ninety days after his sentencing. (Doc. 7 Ex. F (citing N.M. DIST. CT. R. CR. P. 5-801 (2012 LexisNexis)).)

Five days after the state district court's order denying the second motion for reconsideration, on May 17, 2012, Gnau filed a petition for writ of habeas corpus with the state district court. (Doc. 7 Ex. G.) In his petition, he alleged five grounds for relief: (1) ineffective assistance of counsel; (2) illegal search and seizure; (3) conflict of interest of the interviewing police detective; (4) tainted evidence; and, (5) prosecutorial misconduct (DA falsified facts).

---

[2] The count reads "Full Disclosure Failure of District Attorney Benefitting Defense." (Doc. 7 Ex. D.) The motion does not elaborate on this claim. I am interpreting this count as an allegation that the District Attorney did not disclose all information to the defense.

(Doc. 7 Ex. G.) A day after filing, the state district court denied Gnau's habeas petition. (Doc. 7 Ex. H.) The court held: Gnau had not set forth facts supporting his first and fifth claims; the search identified in his second claim was legal; he failed to explain the conflict of interest or how he was prejudiced in his third claim; and Gnau had not shown how the evidence was tainted in his fourth claim. (*Id.* at 2.) Gnau stated in his federal § 2254 petition that he had received "no response" from the state district court to his habeas petition. (Doc. 1 at 6-9, 13.)

On June 13, 2012, Gnau filed this petition pursuant to § 2254. (Doc. 1.) On June 20, 2012, he filed a second petition for a writ of habeas corpus in state district court, which contained a more detailed explanation of the five claims raised in his first petition. (Doc. 7 Ex. I.) The state district court has not yet ruled on his second habeas petition. (Doc. 7 at 8.)

In his federal petition, Gnau states that he has sought review by the New Mexico Supreme Court but received no response and that he has filed a petition for certiorari in the United States Supreme Court concurrent with filing his § 2254 habeas petition. (Doc. 1 at 2-3.) Respondents claim that Gnau did not file a petition or motion with the New Mexico Supreme Court (Doc. 7 at 8), and Gnau has not filed a copy of petition or motion to the New Mexico Supreme Court or United States Supreme Court in support of his federal habeas petition.

On June 21, 2012, I ordered Defendants James Janecka and the Attorney General of the State of New Mexico to file an answer to Gnau's petition. (Doc. 4.) On July 23, 2012, Defendants filed an answer and a motion to dismiss without prejudice for failure to exhaust. (Doc. 7; Doc. 8.) Gnau did not file a response.

## DISCUSSION

Gnau is a pro se litigant. Accordingly, I construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City*

*of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

A federal habeas petitioner must give the state courts a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See* 28 U.S.C § 2254(c) (2012); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Known as the presentation requirement, this doctrine requires that the petitioner invoke one complete round of the state's appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). The state bears the initial burden of asserting exhaustion as a defense, but, once pled, the petitioner bears the burden of showing that he has exhausted all available state court remedies. U.S. R. GOV'G 2254 CASES 5(b); *Picard v. Conner*, 404 U.S. 270, 275-76 (1971); *Hernandez v. Starbuck*, 69 F.3d 1089, 1091-92 (10th Cir. 1995).

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, this disposition "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

Defendants move to dismiss the case without prejudice for failure to exhaust. (Doc. 8.) Gnau has attempted to exhaust his claims but, by his own admission, he has not allowed the state courts to complete their review. He filed a second habeas petition with the state district court, which has yet to be heard, let alone appealed to the state supreme court. (Doc. 7 Ex. I.) He also alleges that he sought review by the New Mexico Supreme Court and the United States Supreme Court of his habeas petition concurrent with the filing of this federal petition, although it is unclear whether he sought review of the first or second state habeas petition. (Doc. 1 at 2-3.) Merely filing petitions, but failing to await their review, does not fulfill the requirement of a *complete* review. Thus, I may not review his petition under the exhaustion requirements because he has not completed one full round of New Mexico's appellate procedures.

Based on the information before me, it is not too late for Gnau to fully exhaust his claims in state court. New Mexico provides that a petition for a writ of certiorari to the New Mexico Supreme Court seeking review of the denial of a habeas corpus petition must be filed within thirty days of entry of the state district court's order denying the petition. N.M. R. APP. P. § 12-501(B) (LexisNexis 2012). Since Gnau's petition for a second writ of habeas corpus is still pending, if he is not granted relief, he will have thirty days from the entry of an order by the state district court to file a petition with the New Mexico Supreme Court. Gnau may still fulfill the exhaustion requirement, so I recommend that the Court dismiss his petition without prejudice.

## CONCLUSION

For the foregoing reasons, I recommend that the Court grant Defendants' motion to dismiss (Doc. 8), deny Gnau's petition for a writ of habeas corpus pursuant to § 2254 (Doc. 1), and dismiss this case without prejudice. I also recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

_William P. Lynch_
William P. Lynch
United States Magistrate Judge